UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERNON PERCY HOWARD,<br><br>                    Petitioner,<br><br>    v.<br><br>ROBERT MOORE,<br><br>                    Respondent. | No. CV-01-383-AAM<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

**BEFORE THE COURT** is petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Ct. Rec. 1).[1]

**I. BACKGROUND**

On July 16, 1996, petitioner was convicted by a jury in Spokane County Superior Court of delivery of a controlled substance, conspiracy to deliver a controlled substance, and attempted possession of a controlled substance with intent to deliver. He was sentenced to concurrent terms of imprisonment totaling 120 months (Ex. 1 to Ct. Rec. 5).

Petitioner appealed his conviction to the Washington Court of Appeals, Division III. In an unpublished opinion filed March 2, 1999, the court of appeals affirmed petitioner's conviction and sentence. (Ex. 7 to Ct. Rec. 5). Petitioner then sought discretionary review by the Washington Supreme Court. In an order dated August 31, 1999, the petition for review was

---

[1] Unless otherwise specified, all "Ct. Rec." references are to CS-01-383-AAM.

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS-        1**

1  denied.  (Ex. 9 to Ct. Rec. 5).  On September 13, 1999, the Washington Court of Appeals issued
2  its mandate terminating direct review of petitioner's conviction and sentence.  (Ex. 10 to Ct. Rec.
3  5).

4        Petitioner subsequently filed a personal restraint petition in the Washington Court of
5  Appeals, Division III, on September 29, 1999.  (Ex. 11 to Ct. Rec. 5).  The petition was
6  dismissed by the court of appeals in an order dated January 26, 2000.  (Ex. 12 to Ct. Rec. 5).
7  Petitioner sought discretionary review by the Washington Supreme Court.  On March 17, 2000, a
8  state supreme court commissioner issued a ruling denying the motion for discretionary review.
9  (Ex. 14 to Ct. Rec. 5).  In an order dated May 2, 2000, the Chief Justice of the state supreme
10  court issued an order denying petitioner's motion to modify the commissioner's ruling. (Ex. 16 to
11  Ct. Rec. 5).  On May 12, 2000, the court of appeals issued a certificate of finality with regard to
12  petitioner's first personal restraint petition.  (Ex. 17 to Ct. Rec. 5).

13        On October 19, 2000, petitioner filed his first §2254 petition in this court in cause
14  number CS-00-378-LRS.  In an order dated April 26, 2001, Honorable Edward F. Shea adopted
15  the March 23, 2001 Report and Recommendation of U.S. Magistrate Judge Lonny R. Suko to
16  dismiss the petition without prejudice for failure to exhaust state court remedies.  Judge Shea
17  stated in pertinent part:

18        Mr. Howard asserts that he presented the same issue of
      miscalculation of offender score to all state courts.  He further
19        asserts that he presented the issue to the state courts as a denial
      of his constitutional right to due process and equal protection.
20        [Citation omitted].  However, Mr. Howard did not present his
      claim as a federal constitutional violation at all state court levels.
21        [Citation omitted].  Additionally, when he did attempt to present
      his claim as a federal constitutional violation, it was not sufficient
22        for the purpose of federal habeas exhaustion because his references
      were merely vague references to federal constitutional provisions.
23        Since Mr. Howard failed to properly present his claim as a federal
      constitutional violation to all the state courts, he failed to exhaust his
24        habeas claim in state courts.

25  (Order at pp. 2-3, Ct. Rec. 26 in CS-00-378-LRS).

26        On May 24, 2001, petitioner filed a second personal restraint petition with the
27  Washington Supreme Court in an effort to exhaust state remedies.  In an order dated October 10,
28  2001 (Ex. 20 to Ct. Rec. 5), the state supreme court dismissed the petition finding it time-barred

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS-        2**

1  and that there was not good cause for reconsidering an issue (alleged miscalculation of offender
2  score) which had been "raised and rejected on its merits on direct appeal and in a prior personal
3  restraint petition."[2]

4  Petitioner's second and current federal habeas petition was filed in this court on
5  November 19, 2001 and presents the following grounds for relief:  1) The offender score was
6  miscalculated pursuant to an unconstitutional sentencing statute creating an excessive sentence;
7  and as a result, 2) petitioner was denied due process and equal treatment under the provisions of
8  the Washington State Constitution and the United States Constitution.  On March 25, 2002, this
9  court entered an order (Ct. Rec. 8) dismissing the petition on the basis that it was time-barred.
10 Petitioner appealed to the Ninth Circuit Court of Appeals and on February 11, 2005, the circuit
11 reversed this court's order and remanded the matter for further proceedings.  Judgment was filed
12 March 10, 2005.  (Ct. Rec. 14).

13 The parties have been allowed an opportunity to submit supplemental briefs to this court
14 following remand.  The respondent has filed a supplemental brief.  The petitioner has not and
15 indeed, the copy of the "Order Re Supplemental Briefing" (Ct. Rec. 15) sent to petitioner's last
16 known address at the correctional facility in Monroe, Washington was returned to this court
17 because the petitioner had "moved" and "left no address."  (Ct. Rec. 16).  An explanation for this
18 is contained in the discussion *infra* regarding "custody."  A copy of the order was also sent to the
19 counsel who represented petitioner on appeal, but nothing has been heard from counsel.  It is
20 petitioner's responsibility to keep the court apprised of his current address.  He has not done so
21 and he also apparently has not kept his appellate counsel apprised of his current address.  Under
22 these circumstances, the court believes it is justified in proceeding to dispose of the petition
23 without additional input from the petitioner.
24 //
25 //
26

---

27
28  [2] Respondent acknowledges that the constitutional claims presented in petitioner's second federal habeas petition have been exhausted.

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS-        3**

## II. DISCUSSION

### A. "Custody"

28 U.S.C. §2254(a) gives district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody" in violation of the Constitution, laws or treaties of the United States. The petitioner must be "in custody" under the conviction or sentence under attack at the time his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556 (1968). A petitioner need not be physically confined in order to challenge his conviction or sentence. *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923 (1989). However, a habeas petitioner must suffer "present restraint" as the result of a conviction. Once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual "in custody." Id. at 492.

Respondent has produced evidence that petitioner was released from prison on January 2, 2003 and therefore, that his community placement term would have expired on January 2, 2004. (Declaration of Cherrie S. Kollmer, Ex. 4 to Respondent's Supplemental Response at Ct. Rec. 17). There is no evidence the petitioner is suffering any "present restraint" as a result of his conviction. Since there is no evidence that petitioner remains in "custody," his petition is moot. Under no circumstances could this court grant the petitioner effective habeas relief.

### B. Procedural Default

Even assuming the petitioner was still in "custody," he has procedurally defaulted on his federal habeas claims, precluding review by this court. To preserve comity and federalism, federal courts will not review a petitioner's claim that a state court denied based on independent state law adequate to support the judgment. Where the state, by state procedure, bars a petitioner from raising a federal claim in state court, the petitioner may then not raise that claim in a federal petition absent a showing of "cause" for the procedural default and "actual prejudice" from the failure to raise the claim, or a demonstration that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546 (1991) and *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497 (1977). In order for an adequate

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS-    4**

state ground to bar federal review, the state must apply state law that is "firmly established" and "regularly applied" at the time of default. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850 (1991). See also *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

      A federal habeas court will reach the merits of a procedurally defaulted claim if the petitioner demonstrates legally sufficient "cause" for the default and actual "prejudice" from the alleged constitutional error. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). The cause and prejudice requirements are designed to permit federal review where failure to do so would be fundamentally unjust. Even if there is no showing of cause and prejudice, however, a federal court may adjudicate a federal constitutional claim which in the absence of such adjudication, would result in a fundamental miscarriage of justice. "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496.

      Petitioner's second personal restraint petition in the state court was dismissed by the Washington Supreme Court for two reasons:

> In this personal restraint petition, Mr. Howard argues that the trial court miscalculated his offender score by assigning points to the unranked crimes of conspiracy and attempted possession. But this argument was raised and rejected on its merits on direct appeal and in a prior personal restraint petition. Mr. Howard fails to show that the interests of justice or any other good cause require that the issue be reconsidered. [Citation omitted].
>
> **The petition is also time-barred. Miscalculation of an offender score is not a 'jurisdictional' sentencing defect exempt from one-year time limit on personal restraint petitions.** [Citation omitted].

(Ex. 20 to Ct. Rec. 5)(Emphasis added).

      Petitioner's judgment and sentence became final on September 13, 1999 when the Washington Court of Appeals issued the mandate terminating direct review of the judgment and sentence. (Ex. 10 to Ct. Rec. 5). As such, petitioner had one year from September 13, 1999 to

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS-         5**

1 file a personal restraint petition.  No petition or motion for collateral attack on a **judgment and
2 sentence** in a criminal case may be filed more than one year after the **judgment** becomes final.
3 RCW 10.73.090(1).

4     As noted above, petitioner did file a first personal restraint petition in the Washington
5 Court of Appeals on September 29, 1999, which was dismissed in an order dated January 26,
6 2000.  Petitioner sought discretionary review by the Washington Supreme Court which was
7 denied on March 17, 2000.  On May 2, 2000, the supreme court issued an order denying
8 petitioner's motion to modify that ruling and on May 12, 2000, the court of appeals issued a
9 certificate of finality with regard to petitioner's first personal restraint petition.

10     Petitioner filed his first federal habeas petition in this court in October 2000.  At that
11 time, the period for him to file another personal restraint petition in the state court had already
12 expired.  It expired September 13, 2000.  Procedural default based on RCW 10.73.090 was not
13 raised by the State of Washington in its answer to petitioner's first federal habeas petition,
14 although failure to exhaust state remedies with regard to federal constitutional claims was raised
15 and that was ultimately the basis cited for dismissal of the first federal habeas petition.  In the
16 report and recommendation with regard to the first federal habeas petition, the magistrate judge
17 indicated "petitioner's conviction became final on May 12, 2000 when the Washington State
18 Court of Appeals issued a certificate of appealability" and therefore, "[m]ore than one year has
19 not passed since Mr. Howard's conviction became final [and] it would appear that this
20 unexhausted habeas claim is not procedurally barred under Washington law at this time."
21 (Report and Recommendation at p. 9, Ct. Rec. 24 in CS-00-378-LRS).  The magistrate judge,
22 however, mistakenly referred to the certificate of finality issued by the Washington Court of
23 Appeals with regard to petitioner's first personal restraint petition.  (Ex. 17 to Ct. Rec. 5).  The
24 one year time limit for petitioner to file any personal restraint petition commenced from the date
25 his judgment of conviction became final which was the date the Washington Court of Appeals
26 issued its mandate "disposing of timely **direct appeal** from the conviction."  RCW
27 10.73.090(3)(b)(emphasis added).  Accordingly, it would probably have been appropriate to
28 dismiss petitioner's first federal habeas petition with prejudice on the basis of procedural default,

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS-        6**

rather than to dismiss without prejudice on the basis of failure to exhaust state court remedies and direct petitioner back to the state court to file another personal restraint petition which he did on May 24, 2001.

RCW 10.73.090 is an adequate and independent state law which precludes this court from now reviewing petitioner's exhausted federal constitutional claims presented in his second federal habeas petition. RCW 10.73.090 is "firmly established" and "regularly applied" in the Washington courts. See *In re Runyan*, 121 Wn.2d 432, 853 P.2d 424, 432 (1993)(upheld as constitutional); *Shumway v. Payne*, 136 Wn.2d 383, 964 P.2d 349, 356 (1998); *Matter of Well*, 133 Wn.2d 433, 946 P.2d 750 (1997); *In re Turay*, 139 Wn.2d 379, 986 P.2d 790, 798 (1999). Petitioner has not shown, and cannot show, "cause" for his default. The fact that petitioner is pro se does not establish "cause." Rather than presenting his unexhausted federal constitutional claims to this court in his first federal habeas petition (filed October 2000), petitioner could have opted to file his second personal restraint petition in the Washington Court of Appeals at some point after the certificate of finality was issued with regard to his first personal restraint petition (May 12, 2000), but before the one year time limit for filing a second petition expired (on September 13, 2000). Petitioner is responsible for failing to present his federal constitutional claims in his first personal restraint petition which would have satisfied the exhaustion requirement and avoided procedural default. Finally, there is no fundamental miscarriage of justice. Petitioner does not challenge his conviction. He does not claim he is "actually innocent." He only challenges his sentence.

The failure of the State, in its answer to petitioner's first federal habeas petition, to raise procedural default based on RCW 10.73.090 did not constitute a "waiver" of that argument, although at that time the petitioner was already in default. This is because the magistrate judge specifically considered RCW 10.73.090 on his own accord and found, albeit mistakenly, that there appeared to be no default.[3] For that same reason, this court finds there is no reason the

---

[3] A district court may raise the defense of procedural default *sua sponte* if to do so serves the interests of justice, comity, federalism and judicial efficiency. *Boyd v. Thompson*, 147 F.3d

**ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS-        7**

State should be estopped from asserting procedural default on the basis of RCW 10.73.090 as a defense to petitioner's current (and second) federal habeas petition.[4]

### III. CONCLUSION

Petitioner's habeas petition is moot because he is no longer in the "custody" of the State of Washington. In any event, this court cannot review the claims presented in the petition because of an independent state law (RCW 10.73.090) which was adequate for the Washington Supreme Court to dismiss those claims when they were presented to it in petitioner's second personal restraint petition. There is no need for an evidentiary hearing. Petitioner's §2254 petition (Ct. Rec. 1) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.** The District Executive shall enter judgment accordingly and forward a copy of this order and the judgment to counsel.

**DATED** this  25th  of April, 2005.

            s/ Alan A. McDonald
            ALAN A. McDONALD
            Senior United States District Judge

---

1124, 1127 (9th Cir. 1998).

[4] State estopped from arguing petitioner was procedurally defaulted where State had previously opposed petitioner's federal habeas petition on the grounds that petitioner had failed to exhaust. *Russell v. Rolfs*, 893 F.2d 1033, 1038-39 (9th Cir. 1990).

**ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS-        8**